T.C. Memo. 1996-71


UNITED STATES TAX COURT


JOHN EDWARD AND LINDA HALL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6300-94.                    February 21, 1996.


John Edward Hall, pro se.

Dennis R. Onnen, for respondent.


MEMORANDUM OPINION

KÖRNER, Judge: Respondent determined a deficiency in
petitioners' 1990 Federal income tax in the amount of $22,217 and
a penalty under section 6662(a) in the amount of $5,281 for 1990.

All statutory references are to the Internal Revenue Code
in effect for the year in issue, and all Rule references are to

the Tax Court Rules of Practice and Procedure, except as otherwise noted.

Petitioners, John Edward and Linda Hall, were residents of Kansas at the time the petition was filed herein. Hereinafter, all references to "petitioner" refer to John Edward Hall.

In the year 1986, a corporation known as Hall/McCollum Laboratories, Inc., was formed in the State of Nevada. One million shares of this corporation were issued to petitioner. In 1987, petitioner sold back to the corporation 800,000 of these shares, for which he received $150,000.

Thereafter, a dispute arose between petitioner and the corporation and, after the corporation had changed its name to HML Medical, Inc., petitioner brought suit against it. In 1990, the dispute was settled, and the lawsuit was dismissed. As part of the settlement, petitioner surrendered his remaining 200,000 shares of the corporation to it, in return for the payment to him of $212,500.

Upon audit, respondent determined that petitioner's remaining cost basis in his stock in the corporation was only $8,801, as compared to a basis of $212,500, which petitioner had claimed in his return. Respondent also disallowed a claimed net capital loss carryforward of $3,000 contained in petitioner's return. Finally, respondent, having initially allowed a net operating loss carryback to petitioner from 1991 to 1990 in the

amount of $18,789, has now conceded that such net operating loss carryback should be increased by $2,000.

As part of the statutory notice of deficiency herein for the year 1990, respondent also determined a penalty under section 6662(a) against petitioner.

So far as the deficiency in tax is concerned, we think it is clear in this Court that the burden of proof is upon petitioner to show error in respondent's determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). This record provides absolutely no evidence upon which we can determine that respondent's determination was in error to any extent. There is no evidence to show petitioner's cost basis in his original one million shares in the corporation, other than the $44,004 determined by respondent, and there is no evidence to indicate that respondent's allocation of 20 percent of such original cost basis, or $8,801, to petitioner's remaining 200,000 shares that he sold in 1990 was an unreasonable action. At trial, petitioner claimed that his stock basis in the 200,000 shares was over $1 million, and proffered a written receipt indicating such amount. Upon cross-examination, however, it developed that this so-called "receipt" was prepared by petitioner himself, showing money as coming from himself to himself, and was, in fact, prepared just before trial of this case. It was admitted solely as a summary

of his testimony, and is entitled to no evidentiary weight whatever.[1]

Respondent also determined a penalty against petitioner under section 6662(a), in the amount of $5,281, for the year 1990. That section provides for the imposition of a penalty equal to 20 percent of the portion of the underpayment, if such underpayment arises either from negligence, disregard of rules or regulations, or is attributable to a substantial understatement of income tax. Section 6662(d) in turn defines a substantial understatement of income tax as being either 10 percent of the tax required to be shown on the return for the taxable year, or $5,000, whichever is greater. The determined deficiency here was of $22,217, as reported as compared to a reported tax liability of zero, and was above $5,000. As in the case of the predecessor section covering cases of this type, section 6653(a), the burden of proof to show error on the part of respondent is clearly placed upon petitioner. Neely v. Commissioner, 85 T.C. 934, 947 (1985); Arcadia Plumbing Trust v. Commissioner, T.C. Memo. 1994-455. The matter was not mentioned by petitioner in pleading, in trial, or on brief; we cannot be sure if he intended to abandon it, but in any case respondent's determination of the applicable penalty must be sustained.

---

[1] The net capital loss carryforward that was disallowed by respondent was not mentioned in the pleadings, at trial, or on brief, and we deem it to be abandoned.

To give effect to respondent's concession herein with regard to the amount of allowable net operating loss carryback,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
